IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:07-CV-46-FL(3)

| | |
|---|---|
| JONES COUNTY IMPROVEMENT ASSOCIATION, INC. and DANIEL JOHNSON WILLIS | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| NORTH CAROLINA DEPARTMENT OF TRANSPORTATION; LYNDO TIPPETT AS SECRETARY, *et al.*, | ) ) ) ) |
| Defendants | ) ) |

**MEMORANDUM & RECOMMENDATION**

This matter comes before the Court upon the Motions to Dismiss filed by: 1) Defendants North Carolina Department of Transportation ("NCDOT"), Lyndo Tippett in his official capacity as Secretary of the NCDOT, and Cam McRae in his official capacity as a member of the North Carolina Board of Transportation ("State Defendants"); and 2) Jay Converse and Tands, Incorporated ("Private Defendants") **[DE's 12-13 & 15-16]**. Plaintiff has responded to both motions **[DE's 17 & 20]**, and the matter is now ripe for adjudication. Pursuant to 28 U.S.C. 636(b)(1), this matter is before the undersigned for the entry of a Memorandum and Recommendation. For the following reasons, it is HEREBY RECOMMENDED that both Motions to Dismiss **[DE's 12 & 15]** be GRANTED in all respects.

## I. Background

Plaintiffs filed their Complaint in this matter on March 12, 2007 **[DE-1]**. The Complaint is comprised primarily of legal citations which are often given little context. Conversely, the factual allegations in the Complaint are relatively sparse. Regardless, Plaintiffs contend that they are bringing this action pursuant to, *inter alia*, 42 U.S.C. § 1983. Plaintiffs allege:

> there was a "[T]aking of his rights" and the intervention by the defendants [one is state and the other is local] as to the distribution of entitlements [a right to see and voice his complaint to the state official] in a public funded entitlement program was, and even absent of racial animus, a denial of equal protection, and due process simply because the plaintiffs are "black" and did suffered palpable injury by the denial (to see the state official), which was not given to the plaintiffs, prior, proper notice, oral or written, that stated in pertinent part, that the plaintiff was not allowed without authorization to enter the Tands building to see and voice his discrimination complaints to the public funded state official . . . In short, this court is called upon to consider whether enforcement by the defendants, Tands Incorporation, and Jay Converse, of the restricted agreement, which denied plaintiffs the rights to see and complain to a state public official . . . defendants, Department of Transportation and its official, Cam McRae, had received in person from the plaintiffs a discrimination complaint on or about two (2) years prior; on or about September 1, 2006, plaintiff filed a "new" discrimination complaint which must be given to the state official representing Jones County, who is the defendant, which was sent to the "Office of Civil Rights," Raleigh, North Carolina and told McRae such; on September 5, 2006, plaintiff filed more to his discrimination Complaint and went to the Tands building to inform the defendant of such where the defendant is owner and is a paid public state official, being paid with public funds to which "all" taxpayers of "all" races contribute . . . Plaintiff alleges that defendant Cam McRae was on duty as of September 5, 2006, and if not, plaintiffs had no prior notice, oral or written, stating such. Plaintiffs has proven a prima facie case of conspiracy and racial discrimination and no more should be required of plaintiff . . . Plaintiff was served unequally, as to first (1st) degree Trespass, offense code 1-5708, and offense in violation of G.S. 1-14-159.12, signed by the defendants, and was the victim of constitutionally impermissible State and Local action . . .

2

DE-1, pg. 2, ¶ ¶3, 5; pg. 3, ¶¶ 6, 7; pg. 8 ¶ 24.

In short, Plaintiffs allege that on September 5, 2006, they went to a building privately owned by Defendant Tands Corporation ("Tands") to inform Defendant Cam McRae–who had an office in the building–that Plaintiffs had filed a new discrimination complaint with the Office of Civil Rights. *Id.* at pg. 3, ¶ 6. Defendant Jay Converse, an employee of Tands, did not permit Plaintiffs to enter Tands' building to speak with Defendant Cam McRae. *Id.* at pg. 2, ¶ 5. Plaintiff Daniel Willis was then charged with trespassing. *Id.* at pg. 8, ¶ 25. Thus, Plaintiffs assert that Defendant Tands and Defendant Jay Converse deprived them of their constitutional right "to see a public official." Likewise, Plaintiffs contend that the State Defendants conspired with the Private Defendants in this deprivation. *Id.* at pg. 3, ¶ 7. Plaintiffs request, *inter alia*, that the Court order the Defendants to: 1) pay Plaintiffs $80,000,000 in actual damages and $80,000,000 in punitive damages; and 2) refrain from further discrimination against the Plaintiffs. *Id.* at pg. 10, ¶ 1; pg. 11, ¶ 9.

## II. Analysis

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of a complaint. Such a motion to dismiss should not be granted unless it appears certain that plaintiff can prove no set of facts that would support his claim and entitle him to relief. *See* Mylan Laboratories v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). Where it appears beyond a doubt that a plaintiff can prove no set of facts in support of his claim which would entitle him to relief, the complaint should be dismissed. *See* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 249-250 (1989).

3

Case 4:07-cv-00046-FL   Document 38   Filed 10/10/07   Page 3 of 7

When considering a motion to dismiss, the court assumes that the allegations of the complaint are true and construes them in a light most favorable to the plaintiff.  *See* Jenkins v. McKeithen, 395 U.S. 411, 421 (1969);  GE Investment Private Placement Partners II v. Parker, 247 F.3d 543, 548 (4th Cir. 2001).

As an initial matter, the Court notes that on August 8, 2007, Plaintiff Jones County Improvement Association, Inc. was ordered to obtain licensed counsel within thirty days **[DE-32]**.  This was so ordered because corporations cannot appear in federal courts *pro se*. Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201-202 (1993); Microsoft Corp. v. Computer Serv. & Repair, Inc., 312 F.Supp.2d 779, 782 (E.D.N.C. 2004).  Plaintiff Jones County Improvement Association, Inc. has failed to abide by this order, and for that reason, it is RECOMMENDED that its claims be DISMISSED.

Moreover, Plaintiffs' Complaint is rife with conclusory statements which are not supported by factual detail.  For example, Plaintiffs make the broad allegation that the "vestiges of slavery are still with us in the 21st century" and that "legacies of slavery . . .exist in the Department of Transportation and the Tands Incorporation."  DE-1, pg. 8, ¶ 26. However, Plaintiffs make no specific factual allegations which support their contention that Defendants did in fact act in a discriminatory manner.  Moreover, in order to establish a legally cognizable claim under 42 U.S.C. § 1983, Plaintiffs must establish: 1) that the Defendants deprived them of a right secured by the Constitution and the laws of the United States; and 2) that Defendants acted under color of state law.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970).  Plaintiffs' broad and conclusory Complaint fails to allege specific

4

facts which would entitle them to relief under that standard. Indeed, the only "right" which Plaintiffs claim they were deprived of is the non-existent right to enter private property at their whim without authorization. For this reason alone, the undersigned RECOMMENDS that Plaintiffs' Complaint be DISMISSED in its entirety. The undersigned shall nonetheless address some of the specific arguments forwarded by the individual Defendants.

## A. The State Defendants

### 1. NCDOT

Plaintiffs have named the NCDOT as a defendant in the caption of the case. However, Defendants correctly point out that no specific factual allegations are made against the NCDOT in the body of the Complaint. Moreover, a state agency such as the NCDOT, is generally considered part of the state for purposes of the Eleventh Amendment to the United States Constitution, particularly when any monetary judgment against the agency would be paid from the state treasury. *See* Regents of the Univ. Of Cal. v. Doe, 519 U.S. 425, 431 (1997). Pursuant to the Eleventh Amendment, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." Edelman v. Jordan, 415 U.S. 651, 663 (1974)(citations omitted). Plaintiffs have not demonstrated that their suit is entitled to any exemption from Eleventh Amendment immunity. Finally, a state agency is not a "person" subject to liability under 42 U.S.C. § 1983. Will v. Michigan Dep't. of State Police, 491 U.S. 58, 71 (1989). For these reasons, it HEREBY RECOMMENDED that Defendants' motion be GRANTED with regard to the NCDOT, and that the NCDOT be DISMISSED from this action.

## 2. Defendants Lyndo Tippett and Cam McRae

Plaintiffs purport to sue Defendants Lyndo Tippett and Cam McRae in their official capacity. State officials acting in their official capacities are not "persons" within the meaning of 42 U.S.C. § 1983. Will, 491 U.S. at 71. Furthermore, an action by a private party to recover money damages from state officials in their official capacity are barred by the Eleventh Amendment. Huang v. Board of Governors of University of North Carolina, 902 F.2d 1134, 1138 (4th Cir. 1990). For these reasons, it HEREBY RECOMMENDED that Defendants' motion be GRANTED with regard to Defendants Tippett and McRae, and that those Defendants be DISMISSED from this action.

## B. The Private Defendants

Plaintiffs' fail to allege any claim which entitles them to relief against the Private Defendants. The Complaint merely states that the Private Defendants refused Plaintiffs access to private property during a time when a public official may or may not have been on the premises. Thus, Plaintiffs do not successfully allege the violation of any federal right. Assuming *arguendo*, that Plaintiffs had alleged such a violation, they nonetheless still fail to allege any facts which would permit them to recover against private individuals who were not acting under color of state law. *See,* Adickes, 398 U.S. at 150. *See also*, United Broth. of Carpenters and Joiners of Am., Local 610, AFL-CIO v. Scott, 463 U.S. 825, 834-835 (1983) (to make a successful claim under 42 U.S.C. § 1985, a plaintiff must allege facts showing class-based invidiously discriminatory animus behind the alleged conspiracy); Trerice v. Summons, 755 F.2d 1081, 1085(1985) (a cause of action based upon § 1986 is dependent

upon the existence of a claim under § 1985); Gooden v. Howard County, Md., 954 F.2d 960, 969-970 (4th Cir. 1992) (a plaintiff alleging unlawful intent in conspiracy claims under § 1983 must plead specific fasts in a nonconclusory fashion to survive a motion to dismiss); Simmons v. Poe, 47 F.3d 1370, 1377 (4th Cir. 1995) (mere conclusory allegations unsupported by a factual showing of participation in a joint plan of action are insufficient to support a § 1985(3) action).

### III. Conclusion

For the aforementioned reasons, it is HEREBY RECOMMENDED that Defendants' Motions to Dismiss **[DE's 12 & 15]** be GRANTED in all respects and that Plaintiffs' Complaint **[DE-1]** be DISMISSED.

SO RECOMMENDED in Chambers at Raleigh, North Carolina this 9th day of October, 2007.

                         William A. Webb
                         U.S. Magistrate Judge