IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:07-CV-46-FL

| | |
|---|---|
| JONES COUNTY IMPROVEMENT ASSOCIATION, INC., DANIEL JOHNSON WILLIS, <br>     Plaintiffs, <br><br> v. <br><br> NORTH CAROLINA DEPARTMENT OF TRANSPORTATION, LYNDO TIPPETT, CAM MCRAE, JAY CONVERSE, TANDS, INCORPORATED, <br>     Defendants. | ORDER |

This matter comes before the court on the memorandum and recommendation ( "M&R") filed by United States Magistrate Judge William A. Webb on October 10, 2007 (DE # 38), and on the motion for reconsideration thereof, filed by plaintiffs on October 18, 2007 (DE # 39). Magistrate Judge Webb recommended that the court dismiss the case in its entirety upon consideration of the motions to dismiss filed by defendants (DE ## 12, 15), and plaintiffs' response thereto (DE # 20). Plaintiffs filed no objection to the M&R and the time to do so has passed. In this posture, the matter is ripe for ruling. Plaintiffs' motion for reconsideration seeks the recusal of Magistrate Judge Webb (DE # 39). On November 19, 2007, plaintiffs also filed a notice of appeal of the M&R (DE # 41), and such notice was transmitted to the United States Court of Appeals for the Fourth Circuit on November 28, 2007. For the reasons set forth below, the court hereby DENIES plaintiffs' motion for reconsideration, and ADOPTS the M&R, thereby DISMISSING the case in its entirety.

## DISCUSSION

The Federal Rules of Civil Procedure do not expressly recognize motions for "reconsideration." See Computerized Thermal Imaging, Inc. v. Bloomberg, L.P., 312 F.3d 1292, 1296 n.3 (10th Cir. 2002). Instead, such motions are dealt with either as motions to alter or amend judgments or orders under Rule 59(e), or as motions for relief from judgments or orders under Rule 60(b). Under both Rule 59(e) and Rule 60(b), however, motions are only permitted as to final judgments, orders, or proceedings. The filing of an M&R by a magistrate judge is not a final proceeding, and as such plaintiffs' motion for reconsideration is improperly filed at this time, and cannot provide plaintiffs with any relief. Nevertheless, the court will address the recusal issue raised by plaintiffs in an attempt to curtail future frivolous filings.

Recusal of a judge is governed by 28 U.S.C. § 455, which provides for removal where the judge's "impartiality might reasonably be questioned," where the judge has "personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning [the] proceeding," where the judge had been involved with the matter in controversy as a private or government practitioner, where the judge has a financial interest in the matter, or where there is a familial relationship affecting the matter. Id. None of these circumstances are present in the case at bar. Although plaintiffs' substantial filing history has involved multiple cases which were referred at least in part to Magistrate Judge Webb, previous adverse rulings against a party do not constitute adequate grounds for recusal. See Taylor v. Regents of the Univ. of Calif., 993 F.2d 710, 712 (9th Cir.1993) (per curiam) cert. denied, 114 S. Ct. 890 (1994). See also In re Beard, 811 F.2d 818, 827 (4th Cir. 1987) (holding that the alleged bias must be personal in nature, and not merely arising out

of litigation). Plaintiffs offer no support for the requested action, grounded in fact or in law, save a vague reference to Magistrate Judge Webb's decision to recuse himself in a previous case. Even if a motion for reconsideration could be entertained at this juncture, which it cannot, there is currently no basis, nor has there ever been, for Magistrate Judge Webb to recuse himself from the instant case.

The court now turns its attention to the M&R filed by Magistrate Judge Webb which recommended that defendants' motions to dismiss be granted, and plaintiffs' claims be dismissed in their entirety. Where a party files objections to a magistrate judge M&R, the district court is instructed to make a de novo determination of those portions of the M&R to which objections are made. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (citing 28 U.S.C.A. § 636(b)(1) (West 1993 & Supp. 2005)). By contrast, where a party files no objections to an M&R the district court "need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the fact of the record in order to accept the recommendation.'" Id. (citing Fed. R. Civ. P. 72 advisory committee's note).

Having carefully considered the thoughtful analysis of the M&R and the treatment accorded by the magistrate judge to the defendants' motions to dismiss and plaintiffs' response thereto, the court finds that Magistrate Judge Webb properly applied the law and reached the correct result based upon the law and the facts of the instant case. Even if this court were to construe plaintiffs' motion for reconsideration as a timely objection to the M&R, there exists nothing in the motion that would overrule the well-reasoned analysis supplied by Magistrate Judge Webb with respect to this case. Plaintiffs' complaint failed to adequately identify any right secured to them by the Constitution and the laws of the United States of which they were deprived. In addition, although this court ordered

3

*pro se* plaintiff corporation to obtain licensed counsel by order dated August 8, 2007, plaintiff corporation failed to do so. Furthermore, defendant North Carolina Department of Transportation, and defendants Lyndo Tippett and Cam McRae, in their official capacities, are protected under the Eleventh Amendment from suit by a private party seeking monetary damages. Finally, with regard to private defendants Jay Converse and Tands, Incorporated, plaintiffs neither alleged the violation of any cognizable right, nor alleged any facts that could provide a basis for recovery against these private actors who were not acting under color of state law. In light of these considerations, the court hereby adopts the recommendation of the magistrate judge as its own, and grants defendants' motions to dismiss, thereby dismissing this case in its entirety.

## CONCLUSION

The court hereby DENIES plaintiffs' motion for reconsideration, and ADOPTS the recommendation of Magistrate Judge William A. Webb as its own. Defendants' motions to dismiss are GRANTED, and this matter is DISMISSED in its entirety.

SO ORDERED, this the 11th day of December, 2007.

LOUISE W. FLANAGAN
Chief United States District Judge